BLUE, Chief Judge.
George Copeland appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Copeland was convicted after jury trial of robbery and aggravated assault. He was sentenced as a habitual felony offender to concurrent sentences of thirty years in prison on the robbery count and ten years in prison on the aggravated assault count.
Copeland claims that his thirty-year robbery sentence is a nonhabitual sentence because it is less than the statutory maximum habitual sentence for his offense. Therefore, he argues that the court should have sentenced him according to the sentencing guidelines or, in choosing to depart from the guidelines, the court should have provided written reasons for the departure sentence. Copeland also argues that because his robbery sentence is nonhabitual, the court erred in sentencing him as a habitual felony offender on the aggravated assault count. In sum, he claims that his trial counsel was ineffective in failing to raise such claims by objection or postsen-tencing motion. In a well written order, the trial court denied Copeland’s claim on the basis of this court’s holding in Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001), stating that Copeland’s robbery sentence was not so “lenient” as to qualify as a nonhabitual sentence and that a sentence for a term of years up to the statutory maximum is a proper habitual sentence. We agree with the trial court’s determination and commend the trial court on its thorough and accurate analysis of Copeland’s claim.
Affirmed.
FULMER and CANADY, JJ., Concur.